# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-0599
Lower Tribunal No. 23-MM-006220-AOR

_____

SAMUEL LOPEZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Faye L. Allen, Judge.

February 6, 2026

MIZE, J.

Appellant, Samuel Lopez, appeals his conviction and sentence for battery, a misdemeanor. We find no error as to Appellant's conviction and affirm the conviction without further discussion. As to his sentence, Appellant argues that the trial court erred by, among other things: (1) imposing court costs as a lump sum of $223 without providing any notice as to what the costs represent; (2) imposing a "DERP fee" of $50 without notice as to the authority for the fee; and (3) imposing a

$50 per month probation supervision fee without orally pronouncing the amount of the fee at his sentencing. Appellant is correct as to these issues.[1]

As we have said previously, while a trial court is not required to explain the basis for an imposed cost, "due process requires that it at least be evident from the record." *Culbertson v. State*, No. 6D2023-3024, 2025 WL 3493140, at *1 (Fla. 6th DCA Dec. 5, 2025). Because the basis for the $223 in courts costs and the $50 "DERP fee" imposed by the trial court is not evident from the record, we reverse the imposition of the court costs and the DERP fee and remand for the trial court to properly impose costs in Appellant's sentence.

As we have also said, "[w]hen a trial court fails to orally pronounce the amount of a probation supervision cost for misdemeanor probation at a defendant's sentencing, the court is only authorized to impose the minimum cost of $40.00 per month required by statute." *Summerson v. State*, 374 So. 3d 898, 899 (Fla. 6th DCA 2023). Therefore, we reverse the portion of Appellant's sentence imposing the probation cost of $50.00 per month and remand this case to the trial court to impose a probation cost of $40.00 per month.

---

[1] After Appellant filed his notice of appeal, he filed in the trial court a Motion to Correct Sentencing Error under Florida Rule of Criminal Procedure 3.800(b)(2) raising the same issues as to his sentence that he raises on appeal. The trial court did not rule on the motion within sixty days of the date that it was filed, and so the motion was deemed denied under Florida Rule of Criminal Procedure 3.800(b)(2)(B).

Appellant raises other arguments as to his sentence, but we find no merit in the remaining arguments and affirm the sentence in all other respects.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

TRAVER, C.J., and WHITE, J., concur.

Blair Allen, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M. Williams, Assistant Attorney General, Daytona Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED